```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
```

RAYMOND J. CERILLI

                                      CASE NO. 3:08CV242(SRU)(WIG)

   V.

M. JODI RELL, ET. AL,

## RULING ON PENDING MOTIONS

The plaintiff has filed thirteen motions.  One motion for extension of time and a motion for a copy of the docket sheet are granted.  The remaining motions are denied.

**I.   Motions for Appointment of Counsel [docs. ## 51, 54, 58]**

The plaintiff is seeking an appointment of pro bono counsel pursuant to 28 U.S.C. § 1915.  The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

The plaintiff asserts that he mailed letters to over twenty-five attorneys and received responses from seven or eight attorneys.  None of the attorneys who responded to plaintiff's letters have agreed to represent him.  The court concludes that the plaintiff has made sufficient attempts to find counsel on his own.  Plaintiff does not indicate, however, that he has recently contacted the Inmates' Legal Assistance Program to determine whether an attorney or paralegal could provide him with assistance in litigating this case.

The plaintiff has not demonstrated that he is unable to secure legal assistance on his own.  The motions for appointment of counsel are denied without prejudice.  Any renewed motion for appointment of counsel must be accompanied by a summary of the plaintiff's attempts to secure the assistance of counsel and the reasons why assistance was unavailable.

**II.   Motions for Extension of Time [docs. ## 36, 57, 61, 63]**

Plaintiff has filed four motions for extension of time.  In the first motion, plaintiff seeks an extension of time to file motions and papers.  It is unclear what motions and papers plaintiff seeks to file.  The court notes that plaintiff has filed numerous motions with attached exhibits since the filing of this motion for time.  The motion is denied as moot.

In the second motion, plaintiff seeks a sixty day extension of time to find an attorney to assist him with this case.  The motion, filed on August 24, 2009, is granted nunc pro tunc.

In the third motion, plaintiff seeks an extension of the scheduling order deadlines because the defendants have not responded to his interrogatories and Freedom of Information Act requests.  Plaintiff does not attach the interrogatories of Freedom of Information Act requests to his motion or explain why the information sought in these requests is necessary to litigating this case.

The deadline for completing discovery expired in February 2009. Defendants have since moved for summary judgment. Because plaintiff asserts no basis for reopening discovery, the untimely motion to extend the discovery deadline is denied.

In the fourth motion, plaintiff claims to need a ninety day extension because of the prison conditions at MacDougall Correctional Institution and the fact that his legal mail addressed to the Connecticut Superior Court has been stolen. The motion does not explain what documents, motions or memoranda plaintiff seeks to file or why a ninety day extension of time is necessary. The motion is denied.

**III. Motion for Magistrate Judge [doc. # 37]**

Plaintiff requests that a magistrate judge be appointed to assist him in this case. Magistrate Judges are not permitted to represent or render legal assistance to pro se parties. The motion to appoint a magistrate judge is denied.

**IV.  Motions to Appoint Expert Witness and to Compel Witnesses to Appear at Trial [docs. ## 52, 53, 59]**

Plaintiff seeks the appointment of an expert medical witness to testify at trial regarding the injury to his right wrist. Plaintiff also seeks an order directing the medical defendants and other witnesses to bring medical reports with them when they come to testify at trial. As this case has not been set down for trial, the motions are premature. The motions are denied without prejudice to re-filing if the case goes to trial.

**V.     Motion for Copies [doc. # 60]**

Plaintiff seeks a copy of the docket sheet showing the motions that he has filed to date.  The motion is granted.  The Clerk shall send the plaintiff a copy of the docket sheet with a copy of this ruling.

## Conclusion

Motions for Appointment of Counsel [**docs. ## 51, 54, 58**] are **DENIED** without prejudice.  The Motion for Extension of Time [**doc. # 36**] to file motions and papers is **DENIED** as moot.  The Motions for Extension of Time [**docs. ## 61, 63**] to complete discovery and for ninety days due to prison conditions are **DENIED**.  The Motion for Extension of Time [**doc. # 57**] to find an attorney is **GRANTED** nunc pro tunc.  The Motion to Appoint a Magistrate Judge [**doc. # 37**] is **DENIED**.  The Motions to Appoint Expert Witness and to Compel Witnesses to Appear at Trial **[docs. ## 52, 53, 59**] are **DENIED** without prejudice to re-filing if the case goes to trial.  The Motion for Copies [**doc. # 60**] is **GRANTED**.  The Clerk shall send the plaintiff a copy of the docket sheet with a copy of this ruling.

**The court notes that in reviewing plaintiff's Motion for Appointment of Counsel [doc. # 51], it has discovered a Local Rule 56(a)2 Statement and four of plaintiff's affidavits attached to that motion.  It is apparent that plaintiff intended to file those documents in response to defendants' motion for summary judgment**

**[doc. # 44].  Accordingly, the Clerk is directed to re-docket those documents (which are designated as having been manually filed in paper form) as plaintiff's Local Rule 56(a)2 Statement and Affidavit in opposition to the defendants' motion for summary judgment [doc. # 44] and Plaintiff's Affidavits in support of the Local Rule 56(a)2 Statement.**

SO ORDERED at Bridgeport, Connecticut, this ___19th___ day of January, 2010.

                                              __/s/ *William I. Garfinkel*__
                                              William I. Garfinkel
                                              United States Magistrate Judge