UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Raymond J. Cerilli**

**CASE NO. 3:08cv242(SRU)**

v.

**M. Jodi Rell, et al.**

<u>Ruling on Pending Motions</u>

Raymond J. Cerilli, incarcerated and *pro se*, filed a complaint under 42 U.S.C. § 1983 alleging violation of his federal rights by state employees. On March 27, 2008, the court held a Section 1915A hearing to permit the Cerilli to clearly identify his legal and factual claims. At the hearing, Cerilli clarified his claims of deliberate indifference to medical needs and identified two new defendants, Captains Patz and Steven Frey, and new claims of denial of access to the courts.

On July 8, 2008, the court granted Cerilli's request to add Captains Frey and Patz as defendants and to add the denial of access claims against them. The case has since proceeded on those claims and on the claims against defendants Silvis, Smyth, Thalody, Buchanan and Furey, who were allegedly deliberately indifferent to Cerilli's skin condition, carpel tunnel syndrome and cough as well as his need for light-sensitive glasses and dentures. The court dismissed the claims for money damages against all defendants in their official capacities and all other claims against defendant Blanchette, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii); the claims of verbal insults against all defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and all other claims against defendants Lantz, Ottolini, Macura, Rell, Murphy, Johnson and John Does 1-99, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court also denied Cerilli's Motion for Preliminary Injunction and Temporary Restraining Order. The court informed Cerilli that he could renew his

motion if his request for diagnosis and treatment of his chronic cough had not been addressed in a state habeas proceeding and he could show that he would suffer imminent or immediate harm if injunctive relief relating to that medical condition were not granted.  Cerilli renewed his motion for injunctive relief on August 7, 2008.  Because it was identical to the motion filed previously, the court denied it for the reason's stated in the court's ruling on July 8, 2008.  (*See* Doc. No. 38.)

      Cerilli again seeks injunctive relief.  He claims that the defendants have insulted his intelligence and integrity, have defamed and slandered his character and have verbally harassed him.  Cerilli also alleges that defendants have not treated him for a neck/lung infection, right leg pain and carpal tunnel syndrome.  He states that correctional officers prevented him from undergoing a hearing test.  He seeks an order for Halog cream to treat his skin condition and an eye examination because he is seeing black spots.

      "[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'"  *Buffalo Forge Co. v. Ampco-Pittsburgh Corp.*, 638 F.2d 568, 569 (2d Cir. 1981) (quoting *Medical Society of New York v. Toia*, 560 F.2d 535, 538 (2d Cir. 1977)).  In addition, a federal court should grant injunctive relief against a state or municipal official "only in situations of most compelling necessity."  *Vorbeck v. McNeal*, 407 F. Supp. 733, 739 (E.D. Mo.), *aff'd*, 426 U.S. 943 (1976).

      In this circuit the standard for injunctive relief is well established.  To warrant preliminary injunctive relief, the moving party "must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in its favor."  *Brewer v. West Irondequoit*

*Central Sch. Dist.*, 212 F.3d 738, 743-44 (2d Cir. 2000).

Although a showing that irreparable injury will be suffered before a decision on the merits may be reached is insufficient by itself to require the granting of a preliminary injunction, it is nevertheless the most significant condition that must be demonstrated. *See Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir. 1985). To demonstrate irreparable harm, plaintiff must show an "'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony is not required in all cases. *See Drywall Tapers & Pointers Local 1974 v. Local 530*, 954 F.2d 69, 72 (2d Cir. 1992). Where, as here, "the record before the district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony." 7 James W. Moore, et al., Moore's Federal Practice ¶ 65.04[3] (2d ed. 1995). In this case, the court finds that oral testimony and argument is not necessary.

Cerilli's undocumented allegations that defendants are verbally harassing and insulting him and are defaming and slandering his character do not constitute claims of imminent harm. Thus, the request for injunctive relief with respect to those allegations is denied.

Cerilli has appended various medical records, inmate requests and other documents to motions filed in this action since the filing of the motion for injunctive relief, which reflect that Cerilli has received treatment for his various medical conditions. Cerilli underwent surgery for

an old fracture to his right wrist in June 2009 and testing to determine the extent of his carpal tunnel syndrome in November 2009 at University of Connecticut Health Center ("UCONN"). He has not complained about difficulty breathing or coughing spells since April 2008 and has been prescribed an Albuterol Inhalor since at least December 2007.  (*See* Attachs. Pl.'s Aff. Summ. J. Mot., Doc. No. 65 and Defs.'s Mem. Support Mot. Summ. J., Ex. C, Doc. No. 46.)  A nursing supervisor provided Cerilli with Halog cream for his skin condition in August 2009 and again in September 2009.  (*See id.*; Attachs. Mot. Appoint. Counsel, Doc. No. 58.)  Although, the Utilization Review Committee ("URC") at UCONN initially denied the prescription for Halog cream in late September 2009, the URC approved a renewed prescription for Halog cream for six months on November 19, 2009.  (*See* Attachs. Pl.'s Aff. Summ. J. Mot., Doc. No. 65.)

      Cerilli concedes that he has raised his claims of leg, neck and back pain as well as his hearing problem in a state habeas petition and has moved to reopen that action to address the claims regarding those conditions.  (*See* Attachs. to Mot. Appoint. Counsel, Doc. No. 58.)  Furthermore, in an Affidavit filed in opposition to Cerilli's motion, Dr. Omprakash Pillai avers that the audiology department addressed Cerilli's complaints regarding a hearing problem on September 14, 2009 and Optometrist John Smyth examined Cerilli on January 12, 2010 in response to his vision complaints.  (*See* Pillai Aff. at ¶¶ 5, 7.)  Based on these documents and the Affidavit of Dr. Pillai, the court concludes that Cerilli would not suffer imminent harm if the court did not grant the requested medical treatment.  Accordingly, the motion for injunctive relief is denied.

      Cerilli also moves for leave to file a supplemental complaint to add allegations that defendants have been stealing legal mail he has attempted to mail to the court.  Pursuant to Fed.

R. Civ. P. 15(d), a party may move to file a supplemental complaint "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented" provided that the supplemental facts are sufficiently connected to the claims in the original complaint. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 68 (2d Cir. 1995) ("[W]hen the supplemental facts connect it to the original pleading," leave to file a supplemental complaint should be permitted) (citations omitted). The decision to grant or deny a motion to file a supplemental pleading rests within the discretion of the court. In determining how to rule on such a motion, courts should consider whether the supplemental pleading will result in excessive delay, "trial inconvenience" or prejudice to the rights of other parties and also whether it "will promote the economic and speedy disposition of the controversy between the parties." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989) (citations omitted).

     As indicated above, the claims that remain pending are the allegations that defendants Patz and Frey denied Cerilli access to the courts in connection with an appeal of a state habeas petition and defendants Silvis, Smyth, Thalody, Buchanan and Furey were deliberately indifferent to Cerilli's skin condition, carpel tunnel syndrome, cough and need for light-sensitive glasses and dentures. The supplemental claims that Cerilli now seeks to add do not relate to the claims in the complaint. Furthermore, the deadline for completing discovery has now expired and the parties have filed cross-motions for summary judgment. Because the supplemental claims that Cerilli seeks to add are not connected to the claims in the original complaint and will unduly delay the litigation of this case, the motion to file a supplemental complaint is denied.

     Cerilli's renews his motion for appointment of *pro bono* counsel. The motion is denied without prejudice. Cerilli may renew his motion after the court rules on the motions for

summary judgment.

## Conclusion

The Motion for and Preliminary Injunction and Temporary Restraining Order [**Doc. No. 56**] and Motion to File Supplemental Complaint [**Doc. No. 71**] are **DENIED**.  The Motion for Appointment of Counsel [**Doc. No. 75**] is **DENIED** without prejudice.

SO ORDERED at Bridgeport, Connecticut, this 31st day of March 2010.

.

       /s/
Stefan R. Underhill
United States District Judge