UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RAYMOND CERILLI,
        Plaintiff,

        v.                                            No. 3:08-cv-242 (SRU)

M. JODI RELL, ET AL.,
        Defendants.

RULING ON PENDING MOTIONS

        The plaintiff, Raymond Cerilli, currently incarcerated at the Corrigan Correctional Center

in Uncasville, Connecticut, brought this civil rights action *pro se*.  The parties reached a

settlement agreement in open court before Magistrate Judge William I. Garfinkel on May 31,

2011 (doc. # 96).  Pursuant to that agreement, the plaintiff withdrew this and other pending cases

and provided a general release in exchange for the following: (1) $750.00 and an agreement that

the State would not seek to recover the cost of incarceration from those funds; (2) the elimination

of the plaintiff's then-existing obligation to pay for photocopying costs; (3) an agreement that the

plaintiff would be seen by a medical specialist to determine whether he needed to be prescribed

photosensitive glasses; (4) an agreement that the plaintiff would be seen by the Department of

Correction's medical director, Kathleen Maurer, to discuss his health concerns; and (5) waiver

by the court of the filing fees in this matter.[1]  In the months that followed, Cerilli was paid the

settlement funds[2] and was seen by a medical specialist, who recommended a course of treatment

_____

        [1] On June 13, 2011, I ordered that those fees—which totaled $167.27—be waived to
facilitate the settlement.  *See* Order Granting Motion for Waiver of Fees in Furtherance of
Settlement Order (doc. # 99).

        [2] On August 11, 2011, Cerilli informed the court that, although he received the $750.00
payment from the defendants, he had not received the additional sum of $167.27 in waived fees.
Thereafter, on October 7, 2011, I entered an order directing the Department of Corrections to
return the sum of $167.27 to Cerilli's account.  *See* Order on Recommended Ruling (doc. # 123).

that did not include a prescription for photosensitive glasses.[3]  The case was closed on November 16, 2011 (doc. # 127).

Cerilli has since filed a series of motions in which he claims the defendants violated the terms of the settlement by failing to provide specific medical treatments for a variety of ailments and by continuing to deduct funds from his inmate account for fees and photocopying expenses (docs. # 132, # 137, # 140, # 141, # 142, # 144, # 145, and # 147).[4]  Although the motions are stylized as motions for "default entry," "default judgment," and to "re-open the case," interpreting the submissions liberally, Cerilli is seeking: (1) an order compelling enforcement of the settlement agreement; (2) an order of contempt; and/or (3) an order reopening the case under Federal Rule of Civil Procedure 60(b)(6).  For the reasons that follow, the motions are denied.

### I.      Motion to Compel Enforcement

"A settlement is a contract, and once entered into is binding and conclusive."  *Delyanis v. Dyna-Empire, Inc.*, 465 F. Supp. 2d 170, 173 (E.D.N.Y. 2006) (internal quotation omitted).  "A district court has the power to enforce summarily, on motion, a settlement agreement reached in

---

[3] After the doctor made this determination, Cerilli, apparently unhappy with the doctor's diagnosis and prescribed course of treatment, filed several motions seeking the appointment of a different doctor and various other forms of relief.  Magistrate Judge Garfinkel denied those motions, concluding that, although Cerilli may disagree with the doctor, there was no evidence of deliberate indifference to the plaintiff's actual medical needs.  *See* Order Denying Mot. for the Appointment of a Qualified Specialist (doc. # 111); Order Denying Pl.'s Mot. for Settlement Conference (doc. # 115); Order Denying Pl.'s Mot. to Go Before the Court (doc. # 117). Further, in May 2012, the State arranged for Cerilli to be seen by Kathleen Maurer, M.D., to discuss his other medical concerns.  *See* Def.'s Objection to Pl.'s Mot. for Default (doc. # 133).

[4] Cerilli also filed several motions seeking leave to file and for a hearing regarding the alleged violations of the settlement agreement (docs. # 135, # 136, # 142).  On February 27, 2013, I granted those motions and scheduled a videoconference for March 13, 2013 (doc. # 148). On the morning of March 13th, however, the Corrigan facility went into an emergency lock-down, and, unfortunately, the videoconference had to be cancelled.  After thoroughly reviewing the plaintiff's submissions, I conclude that there is no reason to reschedule the hearing because, as explained *infra*, the pending motions are wholly without merit.

a case that was pending before it." *Comm'n Express Nat'l, Inc. v. Rikhy*, CV-03-4050 (CPS),
2006 U.S. Dist. LEXIS 8716, at *6 (E.D.N.Y. Feb. 17, 2006) (citing *Meetings & Expositions Inc.
v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). "As the settlement agreement constituted a
contract, general principles of contract law must govern its interpretation." *Goldman v. Comm'r
of Internal Revenue*, 39 F.3d 402, 405 (2d Cir. 1994).

Here, Cerilli has failed to show a material breach of the settlement agreement. As an
initial matter, it is undisputed that the defendants fulfilled their affirmative obligations under the
settlement agreement, including paying Cerilli $750.00 and arranging for an eye examination by
a medical specialist.[5] For that reason alone, I cannot find the defendants in breach because, at
the very least, the defendants have substantially complied with the core terms of the agreement.

Moreover, Cerilli has failed to demonstrate that the medical treatment he has received
since June 2011 violated the settlement agreement in any way. Nothing in that agreement, as
articulated in open court, required the defendants to procure specific types or methods of
treatment; rather, the only obligation was that Cerilli be seen by the eye specialist and the
medical director to discuss his health concerns. Based on the record before me, defendants have
fulfilled their obligations.

Lastly, Cerilli has offered no proof that the defendants improperly deducted funds from
his inmate trust account. Although the settlement did provide that the filing fees and costs
associated *with this case* would be waived, Cerilli has continued to file subsequent actions in
state and federal court—actions for which the fees and costs are Cerilli's to bear, absent a court
order to the contrary. Cerilli has provided no evidence demonstrating that the alleged deductions

---

[5] Indeed, Cerilli admits that he received this payment, *see* Pl.'s Objection (doc. # 118),
and that he was seen by a medical specialist concerning his eye condition, *see* Pl.'s Mot. and Aff.
in Support of Appointment of Qualified Specialist (doc. # 105).

from his account were used to pay costs associated with this case, rather than his subsequent

cases.  For these reasons, Cerilli's motions, construed as motions to compel enforcement of the

settlement agreement, are denied.

## II.     Motion for Contempt

"A contempt order is warranted only where the moving party establishes by clear and

convincing evidence that the alleged contemnor violated the district court's edict." *Latino*

*Officers Ass'n City of New York, Inc. v. City of New York*, 558 F.3d 159, 164 (2d Cir. 2009)

(quotation omitted).  Specifically, the "movant must establish that (1) the order the contemnor

failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and

convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable

manner."  *Id.* at 164.  Moreover, because a contempt order is such a "potent weapon," where

there is "a fair ground of doubt as to the wrongfulness of the defendant's conduct," a contempt

order is inappropriate.  *Id.* (quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609,

618 (1885)).

In the case at bar, Cerilli has failed to come forward with any credible evidence, let alone

"clear and convincing evidence," that the defendants have violated the settlement approved by

Magistrate Judge Garfinkel.  As explained above, the defendants have, at the very least,

substantially complied with their obligations under the settlement agreement.  Thus, the

plaintiff's motions, construed as motions for contempt, must be denied.

## III.    Motion to Reopen

Federal Rule of Civil Procedure 60(b)(6) allows a court to "relieve a party or its legal

representative from a final judgment, order, or proceeding for . . . any other reason that justifies

relief." Fed. R. Civ. P. 60(b)(6).[6]  "Relief under Rule 60(b)(6) may only be granted under

extraordinary circumstances, where, without such relief, an extreme and unexpected hardship

would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993).  As this court has

previously held, however, "'[a]n alleged breach of settlement agreement is insufficient to warrant

relief under Rule 60(b)(6)' because a plaintiff may always file a separate action for breach of the

settlement agreement itself." *Billie v. Potter*, No. 3:07-cv-1153 (SRU), 2012 U.S. Dist. LEXIS

125223, at *9 (D. Conn. Aug. 8, 2012) (quoting *Diaz v. Loews N.Y. Hotel*, 97-cv-2731 (SAS),

1998 U.S. Dist. LEXIS 9052, at *4-5 (S.D.N.Y. June 18, 1998)).

 Here, Cerilli has alleged, at most, a breach of the settlement agreement.  Because nothing

prevents Cerilli from filing a separate state-court action for breach of contract, no "extreme"

procedural hardship exists to justify setting aside the judgment and reopening the case under

Rule 60(b)(6).  Thus, even if construed as motions to reopen, Cerilli's motions must be denied.

 In sum, the plaintiff's pending motions (docs. # 132, # 137, # 140, # 141, # 142, # 144, #

145, and # 147) are DENIED.

 It is so ordered.

 Dated at Bridgeport, Connecticut, this 15th day of March 2013.


       /s/ Stefan R. Underhill
      Stefan R. Underhill
      United States District Judge

---

[6] Rules 60(b)(1)-(5) provide other grounds upon which a court may relieve a party from a final judgment, none of which is relevant here.